OPINION
The intervener-appellant, James Rorick, through the Estate of Clifton Rorick, ("appellant") appeals the order of the Crawford County Court of Common Pleas granting Gladys Opal Rorick's ("appellee") motion to dismiss the appellant's motion to intervene and motion to enforce the terms of the divorce decree. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts in this case are as follows. Clifton and Gladys Opal Rorick were divorced on December 1, 1989. During this marriage, Clifton transferred a substantial amount of marital assets to his girlfriend. Clifton's waste of marital assets was addressed in the Judgment Decree of Divorce. Paragraph 11 of the Divorce Decree provides:
 In as much as the Husband transferred this high amount of assets to the benefit of Victoria Knapp as specified in the findings hereinabove, it is also ordered by agreement of the parties that in the event the parties or either of them should receive or be entitled to receive any future inheritance from or on account Ethel Sawyer, that the Wife is entitled to and shall receive a full half thereof.
Clifton Rorick died on August 22, 1994, leaving James Rorick as his only heir. Ethel Sawyer also died and her Last Will and Testament was admitted to the Probate Court of Crawford County. Item 13 of Sawyer's will provided as follows:
 All the rest and residue of my property having been converted into cash and all costs of administration and taxes having been paid, then I give and bequeath the rest and residue to the following persons in the indicated percentages:
CLIFTON RORICK and OPAL RORICK, or the survivor — 23%
On May 27, 1999, the appellant filed a motion to intervene and a motion to enforce the terms of the divorce decree. On July 14, 1999, the appellee filed a motion to dismiss, which the trial court granted on August 19, 1999. It is from this judgment that the appellant appeals asserting four assignments of error.
Assignment of Error No. 1
 The trial court erred to the prejudice of appellant in denying its motion to intervene in the trial court proceedings.
Assignment of Error No. 2
 The trial court erred to the prejudice of appellant in ruling that it lacked subject matter jurisdiction to interpret and enforce its prior order.
Assignment of Error No. 3
 The trial court erred to the prejudice of appellant in ruling that it lacked personal jurisdiction over appellant.
Assignment of Error No. 4
 The trial court erred to the prejudice of appellant by basing its decision upon issues which were not raised by the parties to the action in the trial court.
 In the first assignment of error, the appellant alleges the court erred in denying his motion to intervene pursuant to Civ.R. 24. For the following reasons, we disagree.
The appellant is correct in that Civ.R. 24 sets forth the rights of intervention by third parties. However, Civ.R. 75(B) states the Civ.R. 14, 19, 19.1, and 24 shall not apply in divorce, annulment, or legal separation actions, subject to three exceptions. This is a divorce action and the appellant has not pleaded any of the exceptions in Civ.R. 75(B). Thus, the trial court correctly held that the appellant is a not proper party to join or intervene in this action[1].
Accordingly, the appellant's first assignment of error is overruled.
Having found that the appellant was not properly before the trial court, it is not necessary to address the appellant's remaining assignments of error. Accordingly, appellant's second, third, and fourth assignments of error are not well taken.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.
[1] While there is no evidence, there is some indication from the appellant's appellate brief and oral arguments that the appellant may be the executor or administrator of Clifton Rorick's estate. If this is the case, the appellant would be entitled to sue in his name as such representative pursuant to Civ.R. 17(A). However, in this case, the appellant never presented evidence to support his capacity as executor or attempted to bring suit in his name as the executor or administrator.